OPINION
{¶ 1} Defendant-Appellant Christopher Fonzi appeals his convictions for grand theft auto, receiving stolen property, and forgery and his sentences for those crimes. On appeal Fonzi claims that the evidence was insufficient to support his convictions, that his convictions were against the manifest weight of the evidence, and that the trial court erred in sentencing him to consecutive sentences. For the following reasons we affirm Fonzi's convictions but remand for re-sentencing.
 {¶ 2} Virginia Dybala returned home from work early on the morning of July 27, 2001. She parked her red Saturn Scoop in front of her apartment as usual, and she went to sleep. At about noon she received a call from Wal-Mart employee, Jacqueline Scott, advising her that someone had tried to use her credit card and driver's license and that he had just left the store in a red car. Dybala realized that her car was gone and that she had left her cards in her car.
 {¶ 3} Scott had become suspicious when Fonzi and his friend Anthony Combs tried to use a credit card and license with Virginia Dybala's name on them. When she asked Fonzi about it, he claimed that the cards were his sister's, and he offered to get her. When he returned without his sister, Scott called for assistance, which scared Fonzi. He and Combs ran from the store and drove away.
 {¶ 4} Fonzi maintained that a childhood friend, Michael Colford, had loaned him the car. He said that Colford had given him the key on the evening of the 26th and told him to meet at the park the following day to get the car. In return, Colford supposedly wanted Fonzi to buy him a C.D. player and CDS with Colford's girlfriend's credit card and license. Colford was to wait for hours at the park until Fonzi returned the car to him there.
 {¶ 5} Although Fonzi lived only 100 feet from Dybala, they did not know each other. Dybala did not give anyone permission to use her car, her credit card, or her driver's license that day. Although the car was later recovered, it had sustained extensive damage, and the key that she had kept in the wheel well was gone.
 {¶ 6} Fonzi's first assignment of error:
 {¶ 7} "The conviction was against the sufficiency of the evidence and the manifest weight of the evidence."
 {¶ 8} In his first assignment of error, Fonzi claims that the State failed to prove that he acted "knowingly." As a result, he concludes both that there was insufficient evidence to warrant submitting his case to the jury and that his conviction was against the manifest weight of the evidence. We disagree.
 {¶ 9} Sufficiency of the evidence is a legal standard which is applied to determine "whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, reconsideration denied (1997),79 Ohio St.3d 1451, citing Black's Law Dictionary (6 Ed. 1990) 1433. In determining whether sufficient evidence has been presented in a criminal case, the court must determine "whether or not the state has presented evidence on each element of the charges which, if believed by the trier of fact, would convince the average mind of the accused's guilt beyond a reasonable doubt." State v. Gillespie (Jan. 21, 1993), Montgomery App. Nos. 12941, 13585. Clearly, in the instant case the State did present evidence as to each element of each crime, justifying submitting the cases to the jury for deliberation.
 {¶ 10} The standard when reviewing a judgment under a manifest weight standard of review is:
 {¶ 11} "[t]he court reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [factfinder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which evidence weighs heavily against the conviction." State v. Thompkins, 78 Ohio St.3d 380, 387,1997-Ohio-52, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717.
 {¶ 12} Fonzi's argument is based upon his insistence that the jury should have accepted his testimony. However, as this Court has previously discussed, credibility of witnesses is primarily to be determined by the factfinder who actually saw and heard the testimony first hand. State v.Lawson (Aug. 22, 1997), Montgomery App. No. 16288. See, also, State v.DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
 {¶ 13} Despite the fact that eighteen-year-old Fonzi already had a criminal history, he sought to present himself as a naive and innocent bystander in these crimes. However, there is nothing in the record to lead us to believe that the jury was patently wrong in choosing to believe the State's witnesses or in rejecting Fonzi's testimony.
 {¶ 14} Fonzi was driving his neighbor's stolen car within a couple of hours of its theft. He claimed that Colford had offered to loan him the car and that Colford would wait at the park for hours until Fonzi returned. Yet, Fonzi had not seen Colford in years, and he had no idea where Colford lived or worked. Although Colford supposedly exercised at the park on a daily basis, he could not be found by police or by Fonzi for trial.
 {¶ 15} Additionally, Fonzi's actions at Wal-Mart further belied his version of events. Rather than explaining to the store clerk that his friend had given him the cards, he told her that the cards were his sister's. Surely, Fonzi knew that even if the cards had been Colford's girlfriend's, Colford would not have been the person who could give permission for their use. Moreover, when the clerk tried to clarify the situation, Fonzi fled the store. Simply put, the jury did not have to accept Fonzi as the innocent and naive character that he presented.
 {¶ 16} We cannot say that it is patently apparent that the factfinder clearly lost its way and, therefore, we will not disturb the verdict based on either the sufficiency or the manifest weight of the evidence. Fonzi's first assignment of error is without merit and is overruled. Fonzi's second assignment of error:
 {¶ 17} "The court's idle recitation of the text of R.C. §2929.14(E)(4) was insufficient compliance with the requirements of the statute to impose consecutive sentences."
 {¶ 18} In his second assignment of error, Fonzi argues that the trial court erred in ordering him to serve three consecutive ten-month sentences for his crimes. Although for different reasons than offered by Fonzi, we agree.
 {¶ 19} We have previously held that "a trial court must put on the record its reasons for making the requisite statutory findings whenever it imposes a sentence, pursuant to R.C. § 2929.19(B)(2)(e), that equals or exceeds the maximum sentence that could have been imposed for the offense of the highest degree of which the defendant is convicted."State v. Lopez (Oct. 13, 2000), Greene App. No. 99-CA-120, *7, citingState v. Edmonson, 86 Ohio St.3d 324, 329, 1999-Ohio-110; State v.Arnett, 88 Ohio St.3d 208, 217, 2000-Ohio-302. Therefore, we find that the trial court was required to state on the record its reasons for the statutorily required findings that it made; however, the court failed to do so. Thus, Fonzi's second assignment of error is sustained, and this case is reversed and remanded for re-sentencing consistent with this opinion.
 {¶ 20} The judgment of the trial court is affirmed in part, reversed in part, and remanded for re-sentencing.
BROGAN, J. and GRADY, J., concur.